# CIRCUIT COURT OF THE CITY OF RICHMOND

Stanley F. Pauley
and Dorothy A. Pauley

v.

Virginia Department
of Taxation

May 1, 2001

Case No. LF-2597-4

BY JUDGE RANDALL G. JOHNSON

This application for correction of erroneous assessment and refund of state income taxes is brought under Va. Code § 58.1-1825. At issue is whether Stanley F. Pauley and Dorothy A. Pauley are entitled to receive a credit pursuant to Va. Code § 58.1-332 for taxes paid to certain other states for the year 1996.

The Pauleys, who are husband and wife, filed a Virginia Resident Individual Income Tax Return, Form 760, for 1996. In 1996, Mr. Pauley was a shareholder of Carpenter Company ("Carpenter") which qualified as a "Subchapter S" corporation for both federal and Virginia income tax purposes. On their Virginia Form 760, the Pauleys reported and paid Virginia income tax on Mr. Pauley's share of the taxable income earned by Carpenter in 1996. Pursuant to Va. Code § 58.1-332, the Pauleys claimed a credit against their Virginia income tax for taxes paid by Mr. Pauley and by Carpenter on behalf of Mr. Pauley to a number of other states, including Georgia and Utah.

In the present action, the Pauleys claim that they are entitled to an additional credit, in the form of a refund, for Mr. Pauley's share of the taxes paid by Carpenter for 1996 to California, Michigan, New York, Tennessee, and Texas. In its grounds of defense, the Department of Taxation disputes the Pauley's entitlement to a credit for those states. As well, the Department disputes the Pauley's entitlement to a credit for Mr. Pauley's share of the taxes

paid by Carpenter to Utah as originally claimed on the Pauleys' 1996 Form 760. Although no mention was made by the Department in its grounds of defense of the credit received by the Pauleys for taxes paid to Georgia, the Department conceded during oral argument that the Pauleys were entitled to that credit. The parties have stipulated the amount of the credit due to the Pauleys for each state if the court determines that they are entitled to such a credit.

The issue before the court is whether the taxes paid to California, Michigan, New York, Tennessee, Texas, and Utah qualify for a credit under Va. Code § 58.1-332. Specifically, the court must determine whether the taxes paid to those states were income taxes. The pertinent part of the statute, as it existed in 1996, is as follows:

> A. Whenever a Virginia resident has become liable to another state for income tax on any earned or business income or any gain on the sale of a principal residence (within the meaning of Section 1034 of the Internal Revenue Code) to the extent that such gain is included in federal adjusted gross income, for the taxable year, derived from sources outside the Commonwealth and subject to taxation under this chapter, the amount of such tax payable by him shall, upon proof of such payment, be credited on the taxpayer's return with the income tax so paid to the other state.
>
> However, no franchise tax, license tax, excise tax, unincorporated business tax, occupation tax, or any tax characterized as such by the taxing jurisdiction, although applied to earned or business income, shall qualify for a credit under this section, nor shall any tax which, if characterized as an income tax or a commuter tax, would be illegal and unauthorized under such other state's controlling or enabling legislation qualify for a credit under this section.

None of the states at issue labeled the taxes paid by the Pauleys an income tax. California refers to its tax as a privilege tax and states that it is imposed on the privilege of exercising a corporate franchise. *See* Cal. Rev. & Tax Code § 23151. Michigan refers to its tax as a Single Business Tax, and it is imposed "upon the privilege of doing business and not upon income." Mich. Comp. Laws Ann. § 208.31. New York, Texas, and Utah all denominate their taxes as franchise taxes. New York and Utah both impose the tax on the privilege of exercising the corporate franchise or for doing business in the state. *See* N.Y. Tax Law § 209 and Utah Code Ann. § 59-7-104. Tennessee calls its tax

an excise tax and it, too, is imposed upon either doing business in the state or exercising the corporate franchise. *See* Tenn. Code Ann. § 67-4-2005.

The Pauleys argue that the label given to a tax by another state is not determinative of whether the tax is truly a franchise, privilege, or excise tax. Because the amount of the tax paid by Carpenter on behalf of the Pauleys to each of the states in question was measured by income, the Pauleys assert that the taxes were in fact income taxes and, therefore, they are entitled to a credit under Va. Code § 58.1-332. As noted *infra*, each state provides one or more alternative means to measure its tax. The parties have stipulated that the taxes paid by Carpenter were measured by income and were not measured by such alternative means. *See* Stipulation of Facts, Paragraphs 20, 43, 48, and 55.

This court is willing to look beyond the label placed on the taxes by the various state legislatures but, for the reasons set forth below, finds that the Pauleys are not entitled to the credit they seek. Although this court is not necessarily bound by the name given to a tax by a state's legislature, there are valid reasons for respecting the designations applied by the other states in the present case.

First, states cannot tax federal obligations through an income tax. Specifically, 31 U.S.C. § 3124 provides:

(a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except:
(1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation.

For purposes of this action, the exception which allows interest on obligations of the United States to be considered only in computing a franchise tax or a similar tax imposed upon a corporation is important. In the computations of their respective taxes, California and Utah specifically require an addition for interest on obligations of the United States. *See* Line 5a of Schedule F on Side 3 of Form 100, California Corporation Franchise or Income Tax Return, and Utah Code Ann. § 59-7-105. If those taxes were deemed to be income taxes, such requirement would render them unlawful under the foregoing section. Similarly, in New York, Texas, and Tennessee, the relevant computations of state taxes begin with federal taxable income as shown on federal Form 1120, line 28, or federal Form 1120S, line 23. Since obligations of the United States are included in the calculation of federal

taxable income and since those states do not provide a deduction for those obligations, those taxes, if deemed to be income taxes, would also be unlawful under 31 U.S.C. § 3124.

Second, each of the states now at issue, with the exception of Texas, specifies that its tax is being imposed on either the privilege of exercising the corporate franchise or the privilege of doing business in the state. The Supreme Court of Texas has made a similar statement. *See Bullock v. National Bancshares Corp.*, 584 S.W.2d 268 (Tex. 1979). However the states may choose to measure each of the taxes at issue, it is clear that the taxes are imposed on businesses who obtain the privileges that come from exercising a corporate franchise, and not merely upon businesses who derive some income from the state.

Finally, if the court were to accept the Pauleys' argument that they should receive a credit under Va. Code § 58.1-332 because the taxes paid to other states were measured by the net income of Carpenter, great inconsistencies could occur in the treatment of different individuals who pay the same franchise, privilege, or excise tax in a state. As the Department notes in its brief, franchise and similar taxes have a different policy underpinning than income taxes. Because franchise taxes are imposed upon the privilege of exercising a corporate franchise in a state, a company may owe a tax regardless of whether it has any income during the tax year. The fact that each state's statute incorporates various ways to compute franchise taxes reflects such policy underpinnings. Providing multiple computation methods ensures that a corporation will be required to pay some amount of tax regardless of the income attributable to that state.

California measures its tax either by net income or by a minimum tax. *See* Cal. Rev. & Tax Code § 23151. New York measures its tax by using one of four bases: (1) allocated entire net income; (2) allocated minimum taxable income; (3) fixed dollar minimum; or (4) allocated business and investment capital. *See* N.Y. Tax Law § 210(1). Tennessee's tax is based on the greater of two bases. The first basis is the apportioned net worth of the corporation and the second is the value of the corporation's property. *See* Tenn. Code Ann. §§ 67-4-2106 and 67-4-2108. Texas' statute provides a formula based upon net taxable earned surplus and net capital. *See* Texas Tax Code § 171.002(a). Similarly to California, Utah provides that the tax is based either on a percentage of Utah taxable income or on a prescribed minimum amount. *See* Utah Code Ann. § 59-7-104.

The court will use New York's statute to illustrate the inconsistencies that would flow from the adoption of the Pauleys' position. The parties stipulated that in computing Carpenter's New York tax, the allocated net income

approach was used. The Pauleys argue that because the tax, as applied to them, was measured by income, it should be considered an income tax for purposes of Va. Code § 58.1-332. Under this analysis, the Pauleys would receive a credit. A shareholder of a different "Subchapter S" corporation doing business in New York who paid the very same tax as Carpenter, but whose tax was calculated using business and investment capital, would not be entitled to a credit because the tax would have been measured by something other than income. Adoption of the applicant's position would lead to possible inconsistent applications of Va. Code § 58.1-332 to taxpayers seeking credits for taxes paid to California, Tennessee, Texas, and Utah as well. The court declines to adopt a position that would require it to treat taxpayers paying the same taxes differently merely because a different computation method was used.

Michigan's Single Business Tax ("SBT") is slightly different from the taxes of the other states at issue. Michigan's tax is a modified value added tax and is not referred to as a franchise, excise, or privilege tax. The United States Supreme Court has stated that a value added tax differs significantly from a corporate income tax. In *Trinova Corp. v. Michigan Dept. of Treasury*, 498 U.S. 358 (1991), the Court stated:

> A corporate income tax is based on the philosophy of ability to pay, as it consists of some portion of the profit remaining after a company has provided for its workers, suppliers, and other creditors. A VAT [value added tax], on the other hand, is a much broader measure of a firm's total business activity. Even if a business entity is unprofitable, under normal circumstances it adds value to its products and, as a consequence, will owe some VAT.

498 U.S. at 363-64.

There are two ways to calculate a value added tax: the addition method, which Michigan employs, and the subtraction method. The Supreme Court characterized the two methods as "two different paths to the same result," and suggested that Michigan chose the addition method "as a convenience to taxpayers for whom federal taxable income provided an easy starting point." 498 U.S. at 376 and 377. Because a value added tax can be calculated without reference to federal taxable income, however, the use of that income for calculation purposes is not determinative in deciding whether Michigan's Single Business Tax is an income tax for purposes of Va. Code § 58.1-332. In fact, while a corporation's federal taxable income is part of the computation of Michigan's Single Business Tax, the Michigan legislature's pronouncement

that such tax is not a tax on income but is instead imposed on the privilege of doing business, and the Supreme Court's description of the "important" differences between a value added tax and an income tax, this court holds that Michigan's Single Business Tax is not an income tax under Va. Code § 58.1-332.

Because the court finds that the taxes paid by Carpenter in 1996 on behalf of the Pauleys to California, Michigan, New York, Tennessee, Texas, and Utah are not income taxes for purposes of Va. Code § 58.1-332, the Pauleys are not due a credit under that section. Accordingly, their application for correction of erroneous assessment and refund of state income taxes, except to the extent agreed to by the Department with regard to the Georgia taxes, is denied.